Case 4:15-cv-00362   Document 25   Filed in TXSD on 04/26/16   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.C. HAIGH, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-362 |
| | § | |
| CITIBANK, N.A., AS TRUSTEE FOR | § | |
| WAMU ASSET-BACKED CERTIFICATES, | § | |
| WAMU SERIES 2007-HE2 TRUST, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendants', Citibank, N.A., as trustee for WaMu Asset Backed Certificates Series 2007-HE2 Trust ("Trustee") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "the defendants"), motion for summary judgment and motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 56 and 12(c), respectfully. (Dkt. No. 23). The *pro se* plaintiffs, J.C. Haigh and Darla Haigh (collectively, the "plaintiffs"), have failed to file a response to the defendants' motions and the time for doing so has elapsed. Accordingly, pursuant to this Court's local rules, the plaintiffs' "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motions, the pleadings, the record and the appropriate law, the Court determines that the defendants' motion for summary judgment and motion for judgment on the pleadings should be **GRANTED**.

**II.   FACTUAL OVERVIEW**

This case concerns the plaintiffs' challenge to the February 3, 2015 foreclosure sale of the real property located at 5407 Raintree Drive, Missouri City, Fort Bend County, Texas 77459

(the "Property"). On or about January 11, 2007, the plaintiffs executed a Texas Home Equity Note (Adjustable Rate - First Lien) (the "Note") payable to Washington Mutual Bank ("WaMu") in the amount of $402,500.00. (Dkt. No. 23, Ex. 1A). Simultaneously with the execution of the Note, the plaintiffs executed a Texas Home Equity Security Instrument (the "Security Instrument") encumbering the Property. (*Id.*, Ex. 1B). On or about October 22, 2009, JPMorgan Chase Bank, N.A., as purchaser of the assets of WaMu, assigned its rights and interest under the Security Instrument to the Trustee. (*Id.*, Ex. 1C). The Assignment was recorded on August 6, 2010, in the real property records of Fort Bend County, Texas as Doc. No. 2010075312. (*Id.*). The Trustee is the current owner, holder, and record assignee of the Note and Security Instrument. (*Id.*). SPS is the current mortgage servicer and attorney-in-fact for the Trustee with regard to the subject loan. (*Id.*, Ex. 1D).

The plaintiffs do not dispute that they have defaulted on their obligations under the Note and Security Instrument and have made no payments on the loan since April 1, 2009. The defendants, by way of counsel, provided the plaintiffs with the requisite notices of default and intent to accelerate as well as with notices of acceleration. (*Id.*, Ex. 1E, 1F). The Property was eventually scheduled for a foreclosure sale on February 3, 2015. (Dkt. No. 1, Ex. C-6, ¶ 9).

On February 2, 2015, the plaintiffs filed suit against the defendants in the 240th Judicial District Court of Fort Bend County, Texas, seeking to contest foreclosure of the Property, asserting claims for tortious interference with existing contract, conspiracy to tortiously interfere with existing contract, tortious interference with perspective contract, fraud, fraudulent inducement, negligent misrepresentation, and abuse of process. (*See* Dkt. No. 1, Ex. C-1, Ex. C-6). The defendants timely removed the case to this Court, which has subject matter jurisdiction

pursuant to 28 U.S.C. § 1332.[1] (*See* Dkt. No. 1). After permitting the plaintiffs' previous counsel to withdraw, the Court, on August 6, 2015, stayed the case for sixty (60) days allowing the plaintiffs time to secure new counsel. (Dkt. No. 1, Ex. C-6, ¶ 15). The sixty days have elapsed and the plaintiffs have not filed a notice of appearance with new counsel. The defendants now move for summary judgment and judgment on the pleadings on the plaintiffs' claims.

### III.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that

---

[1] The fair market value of the subject real property is estimated at $388,700.00. (*See* Dkt. No. 1, Ex. D).

evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiffs in this case have not filed a response to the defendant's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Notwithstanding the plaintiffs' failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendant, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted). Accordingly, this Court accepts the defendant's facts and evidence as undisputed.

### IV. ANALYSIS & DISCUSSION

#### A. The Plaintiffs' Tortious Interference With Existing Contract and Civil Conspiracy Claims

The defendants are entitled to summary judgment on the plaintiffs' tortious interference with existing contract and related civil conspiracy claims. With regard to their tortious interference with existing contract claim, the plaintiffs assert the bare allegation that the "Defendants' actions prevented the Plaintiffs from complying with the terms of their Mortgage."

(Dkt. No. 1, Ex. C-6, ¶ 15). The defendants move for summary judgment on the plaintiffs' tortious interference with existing contract claim arguing that "[a] defendant cannot tortuously interfere with its own contract[;]" thus, they are not liable under the claim. (Dkt. No. 23, ¶ 11). The Court agrees. The essential elements for a tortious interference with an existing contract claim under Texas law are: (1) the plaintiff had a valid contract, (2) the defendant willfully and intentionally interfered with the contract, (3) the interference proximately caused the plaintiff's injury, and (4) the plaintiff incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). A defendant must be a stranger to a contract to tortiously interfere with it; a defendant cannot tortiously interfere with its own contract. *In re Vesta Ins. Group*, 192 S.W.3d 759, 761 (Tex. 2006).

In this case, the record is clear that the defendants are parties to the mortgage contract with the plaintiffs. The plaintiffs executed a valid Note and Security Instrument with WaMu on January 11, 2007. (Dkt. No. 23, Ex. 1A and 1B). The Trustee is the current holder of the Note as evidenced by the October 22, 2009 assignment. (*Id.*, Ex. 1C). And as the current "Note Holder," the Trustee is a party to the contract.[2] (*Id.*, Ex. 1A). Likewise, SPS is the current mortgage servicer and attorney-in-fact for the Trustee with regard to the subject loan. (*Id.*, Ex. 1D). The same is true with respect to the Security Instrument.[3] (*Id.*, Ex. 1B, ¶ 11). Thus, a contractual relationship exists between the parties.

Moreover, the record reflects that the plaintiffs concede this finding by its own admissions. In their First Amended Complaint, the plaintiffs state that "[t]he Plaintiffs have a valid contract with Defendants, Citibank or its predecessor in interest." (Dkt. No. 1, Ex. C-6, ¶

---

[2] Section 1 of the Note states: "I understand that [WaMu] may transfer this Note. [WaMu] or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"
[3] Section 11 of the Security Instrument states: "[t]he covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of [WaMu] and [the plaintiffs] . . . ."

15). Thus, based on record evidence and the plaintiffs' own allegations, they were parties to the subject contract with the defendants. Therefore, as a matter of law, the plaintiffs' tortious interference with existing contract claim fails. Accordingly, the defendants are entitled to summary judgment on this claim.

Likewise, given that the substantive claim of tortious interference with existing contract fails, the related civil conspiracy claim follows as a matter of law. In Texas, if the underlying claim fails, the conspiracy claim also fails. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930-31 (Tex. 2010); *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 864 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding that summary judgment on claim for tortious interference with existing contract disposed of the conspiracy claim). As a result, the Court grants summary judgment on the plaintiffs' civil conspiracy claim.

### B.     The Plaintiffs' Tortious Interference With Prospective Contract Claim

The defendants are also entitled to summary judgment on the plaintiffs' tortious interference with prospective contract claim. To prevail on a claim for tortious interference with prospective business relations in Texas, the plaintiff must establish that: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third person; (2) the defendant intentionally interfered with the relationship; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff's injury; and (5) the plaintiff suffered actual damage or loss. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013); *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

The plaintiffs, in their First Amended Complaint, contend that they "were prepared to enter into a contract with a disinterested third party for the sale of the Property for fair market

value which would have fully paid off the balance of the loan and would have resulted in Plaintiffs receiving additional sums." (Dkt. No. 1, Ex. C-6, ¶ 25). The defendants challenge the plaintiffs' ability to meet their *prima facie* case for this claim because the defendants have only attempted to enforce their legal rights with regard to the Property.

Here, the record is absent of any evidence supporting the plaintiffs' assertions. "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). Therefore, because the plaintiffs have produced no evidentiary support for their allegations, as a matter of law, the Court grants summary judgment on their tortious interference with prospective contract claim.

### C. The Plaintiffs' Fraud, Fraudulent Inducement, and Negligent Misrepresentation Claims

With regard to their fraud claim, the plaintiffs assert that the defendants made certain false and material representations in an attempt of obtaining the Property through foreclosure by advising the plaintiffs "not to pay their mortgage . . . to qualify for assistance with the ARM mortgage."[4] (Dkt. No. 1, Ex. C-6, ¶ 34). They assert virtually identical allegations in support of their fraudulent inducement and negligent misrepresentation claims. (*Id.* at ¶ 41 and 46). The defendants move for summary judgment on the plaintiffs' fraud, fraudulent inducement, and negligent misrepresentation claims arguing that the plaintiffs have failed to substantiate their claims and that the claims are barred by the economic loss rule and the statute of frauds.

"To prevail on a fraud claim under Texas law a plaintiff must prove that: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of

---

[4] The ARM mortgage appears to be a loan assistance program that would allow the plaintiffs relief from foreclosure notwithstanding their delinquency status.

its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19-20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)).

Here, the plaintiffs make their assertion without tendering even the slightest evidence in support of it. Again, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell*, 736 F.2d at 287. "On the contrary, 'once defendants have made . . . sworn denials, summary judgment is appropriate unless [a] plaintiff can produce significant evidence demonstrating the existence of a genuine fact issue.'" *Id.* (quoting *Parsons v. Ford Motor Co.*, 669 F.2d 308, 313 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S. Ct. 73, 74 L. Ed. 2d 72 (1982)) (emphasis in original). The defendants have proffered a sworn declaration substantiating their authority to foreclose on the Property. (*See* Dkt. No. 23, Ex. 1). According to the declaration, the plaintiffs have been in default since August 1, 2009, and the defendants have satisfied the requisite procedures to legally foreclose on the Property. (Dkt. No. 23, Ex. 1 ¶ 7-9). Without offering any evidentiary support to demonstrate a genuine fact issue, summary judgment is appropriate. Accordingly, the defendants, as a matter of law, are entitled to summary judgment on the plaintiffs' fraud claim as the plaintiffs are unable to establish the requisite elements of their claim.

### D.     The Plaintiffs' Abuse of Process Claim

The defendants are entitled to summary judgment on the plaintiffs' abuse of process claim. The plaintiffs lodge their abuse of process claim "based on the Defendants' filing and service of Plaintiff's Original Petition and for obtaining an Order for Foreclosure with the intent

of defrauding the Court and obtaining unjust enrichment related to the Property at issue." (Dkt. No. 1, Ex. C-6, ¶ 48). The defendants argue that the plaintiffs cannot establish that an illegal or improper use of process occurred, or that the defendants had any "ulterior motive."

To prevail on a claim for abuse of process in Texas, the plaintiff must establish that: "(1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act." *Hunt v. Baldwin*, 68 S.W.3d 117, 129-30 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). "It is critical that the process be improperly used after it has been issued." *Id.* (citing *RRR Farms, Ltd. v. American Horse Protection Ass'n, Inc.*, 957 S.W.2d 121, 133 (Tex.App.—Houston [14th Dist.] 1997, pet. denied)). Texas recognizes a claim for abuse of process where "the process is used for the purpose for which it is intended, even though accomplished by an ulterior motive, no abuse of process has occurred." *Id.* (citing *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 378 (Tex. App.—Texarkana 1989, no writ). "If wrongful intent or malice caused the process to be issued initially, the claim is instead one for malicious prosecution." *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994), writ denied).

Here, the record does not reflect any improper use of the process with regard to the defendants. Instead the record undisputedly reflects that the plaintiffs defaulted on their loan obligation legally authorizing the defendants to initiate foreclosure proceedings on the Property. Assuming *arguendo* that the defendant had an ulterior motive, it appears that the plaintiffs' claim is based, at least partially, on the defendants initial filing of the petition for an order of

foreclosure, which exceeds the scope of what the abuse of process cause of action was designed to protect. Therefore, the Court grants summary judgment on the plaintiffs' abuse of process claim.

V.   **CONCLUSION**

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment and motion for judgment on the pleadings is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 26th day of April, 2016.

_____
Kenneth M. Hoyt
United States District Judge